UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| AMERICA NARVAIZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-195 |
| | § | |
| WAL-MART STORES TEXAS, L.L.C., *et al*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## ORDER ON MOTION TO REMAND

Before the Court is Plaintiff's Motion to Remand (D.E. 7). Defendants removed this case on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. There is no question that Plaintiffs have pled an amount in controversy exceeding $75,000 exclusive of interest and costs. At issue is the fact that Plaintiff has named as Defendants two parties that are allegedly non-diverse, prompting claims of improper joinder. For the reasons stated below, the Motion is DENIED.

**A. Standard of Review.**

"The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood v. Illinois Cent. R.R. Co*., 385 F.3d 568, 574 (5th Cir. 2004) (*en banc*). The removing party proves improper joinder by demonstrating: (1) actual fraud in the pleading of jurisdictional facts; or (2) the inability of the plaintiff to establish a cause of action against the non-diverse defendant in state court. *See Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006) (citing *Travis v. Irby*,

326 F.3d 644, 646-47 (5th Cir. 2003)); *see also Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005). Only the second method is at issue here.

The Court resolves this matter by evaluating "all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (citing *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)); *see also Boone*, 416 F.3d at 388; *Smallwood*, 385 F.3d at 573. In determining whether a viable claim has been made against a non-diverse defendant, the state pleading is evaluated pursuant to state substantive law. *Paxton v. Weaver*, 553 F.2d 936, 940 (5th Cir. 1977). The Court does "not determine whether the plaintiff will actually or even probably prevail on the merits of [his or her state law] claim, but look[s] only for a possibility that the plaintiff might do so." *Guillory*, 434 F.3d at 308. Ordinarily, if the plaintiff can survive the pleading evaluation, there is no improper joinder. *See Smallwood*, 385 F.3d at 573. If Defendants fail to establish improper joinder, then there is not complete diversity of citizenship among the parties, and the Court must remand the action for lack of subject-matter jurisdiction. *See* 28 U.S.C. §§ 1332, 1447(c).

**B. Viability of the Claim as Pled Against Non-Diverse Defendants.**

One of the two allegedly non-diverse Defendants is Wal-Mart Stores Texas, LP. According to Defendants, Wal-Mart Stores Texas, LP was merged into Wal-Mart Stores Texas, LLC, a limited liability company organized and existing under the laws of the State of Delaware, effective June 30, 2007. D.E. 11-1, pp. 11-16. The date of merger

pre-dates any event made the basis of this lawsuit, which involves a premises liability claim arising on June 5, 2012. D.E. 1-1, p. 48.

Citizenship of a limited liability company is determined by the citizenship of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). The ownership of the surviving entity, Wal-Mart Stores Texas, LLC, resides in its member: Wal-Mart Real Estate Business Trust, which is a statutory trust, organized and formed under the laws of the State of Delaware. D.E. 13-1, p. 2. Its sole trustee is Wal-Mart Property Co., a corporation formed under the laws of the State of Delaware with its principal place of business in the State of Arkansas. *Id*.

Because Wal-Mart Stores Texas, LP did not exist at the time of the incident made the basis of this lawsuit and because it merged into a business entity without citizenship in Texas, Wal-Mart Stores Texas, LP is improperly joined and does not constitute a non-diverse defendant in this action.

The other non-diverse defendant is Mark Massa, an individual citizen of Texas who served as the store manager of the subject Wal-Mart at the time of the incident. He is named because of his status as an employee and store manager. There are no allegations suggesting that he had any personal involvement in the facts surrounding the Plaintiff's injury or any duty to Plaintiff separate and apart from his employment. While Plaintiff filed her Response (D.E. 14) suggesting that there is surveillance video showing "store managers" called to the scene of the incident before Plaintiff's alleged fall, Plaintiff does not specifically allege that Mark Massa acted or omitted to act in any way that would support a cause of action against him.

In Texas, individual liability against an employee arises only when the employee owes an independent duty of reasonable care to the injured party apart from the employer's duty of care.  *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996); *Gipson v. Wal–Mart Stores, Inc.*, 2008 WL 4844206 at *5 (S.D.Tex. Nov. 3, 2008).  The Texas Supreme Court has extended the holding in *Leitch* to premises liability cases. *Tri v. J.T.T.*, 162 S.W.3d 552, 562 (Tex. 2005). In *Gipson*, the court found that the Wal–Mart employee did not owe the customer a duty of reasonable care independent from the duty that Wal–Mart owed her because the actions the employee allegedly took were in the course and scope of her employment.

Because Plaintiff has not alleged facts to implicate a breach of duty by the store employee separate and apart from that owed by the store, Mark Massa was improperly joined.  His non-diverse Texas citizenship does not destroy diversity.

**Conclusion**

For the reasons set out above, the Court finds that Wal-Mart Stores Texas, LP and Mark Massa are improperly joined.  All of the properly joined parties are diverse.  The necessary amount in controversy is not disputed.  Thus the Court DENIES Plaintiffs' Motion to Remand (D.E. 7).

ORDERED this 30th day of August, 2013.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE